UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:11-CV-1236-JAR |
| FEARLESS FIGHTERS PAINT BALL GAMES, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Philadelphia Indemnity Insurance Co.'s Motion for More Definite Statement of Affirmative Defense(s) Asserted by Defendants [ECF No. 28]. The Motion has been fully briefed and is ready for disposition.[1] For the following reasons, the Motion will be granted.

**Background**

On July 15, 2011, Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") filed the instant Complaint for Declaratory Judgment (Doc. No. 1). On October 17, 2011, Defendant Fearless Fighters Paint Ball Games, LLC ("Fearless Fighters"), and Defendants G.C., S.S., and B.C. ("minor Defendants") filed their respective Answers (Doc. Nos. 25, 26) to the Complaint. As relevant here, Defendants asserted identical affirmative defenses:

> Defendant(s) raise(s) the affirmative defenses of estoppel, laches, and waiver such that the Plaintiff should not be able to deny coverage in this matter.

---

[1]Defendant Fearless Fighters filed a response in opposition to Plaintiff's Motion for More Definite Statement (Doc. No. 31) on November 2, 2011; the minor Defendants did not file a response in opposition to Plaintiff's Motion.

Philadelphia Indemnity filed its Motion for More Definite Statement on October 24, 2011, claiming the above affirmative defenses are insufficiently pled and too conclusory to afford it fair notice of the grounds on which they are based. Fearless Fighters contends its allegations are sufficient to allow Philadelphia Indemnity to know the issues for trial.

**Discussion**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to state "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1940 (2009)(citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)). Thus, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." <u>Twombly</u>, 550 U.S. at 555 (citation omitted). A majority of district courts have applied the <u>Iqbal</u> standard to affirmative defenses. <u>See</u> <u>Amerisure Insurance Co. v. Thomas</u>, 2011 WL 3021205 (E.D.Mo. July 21, 2011) (citations omitted).

In reviewing the affirmative defenses at issue here, the Court finds they are inadequately pled under the <u>Iqbal</u> standard. "Merely listing affirmative defenses is insufficient: 'they must be supported by factual allegations.'" <u>The School of the Ozarks, Inc. v. The Greatest Generations Foundation, Inc.</u>, 2011 WL 1337406, at *1 (W.D. Mo. April 7, 2011). Further, "[t]here is no explanation or discussion of why the defense is pled or how it might be implicated in the case." <u>Openmethods, LLC v. Mediu, LLC</u>, 2011 WL 2292149, at *2 (W.D. Mo. June 8, 2011). The Court will, therefore, grant Philadelphia Indemnity's Motion for More Definite Statement, and allow Fearless Fighters and the minor Defendants an opportunity to amend their affirmative defenses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Philadelphia Indemnity Insurance Co.'s Motion for More Definite Statement of Affirmative Defense(s) Asserted by Defendants [ECF No. 28] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Fearless Fighters Paint Ball Games, LLC and Defendants G.C., S.S., and B.C. are granted until February 10, 2012, to file Amended Answers to Plaintiff's Complaint for Declaratory Judgment.

_____
JOHN A ROSS
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2012