UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 4:11-CV-1236-JAR |
| FEARLESS FIGHTERS PAINT BALL GAMES, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Joint Motion to Dismiss [ECF No. 24]. The Motion has been fully briefed and is ready for disposition. For the following reasons, the Motion will be denied.

**Background**

This is a declaratory judgment action brought by Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") seeking a determination of the rights and liabilities of the parties herein, and specifically whether it is obligated to defend or indemnify Defendant Fearless Fighters Paint Ball Games, LLC against the claims asserted against it in an underlying case by Defendants G.C., S.S., and B.C. In their joint motion to dismiss, Defendants argue the Court should decline jurisdiction over the instant action in favor of a pending state court action for equitable garnishment which raises the same issues.

**Discussion**

District courts have discretion to abstain from exercising jurisdiction when a parallel state action is pending under 28 U.S.C. § 2201(a). Only upon a showing of "exceptional circumstances," however, should a district court exercise that discretion to dismiss a declaratory

judgment action because of a similar action pending in state court in which the controversy between the parties can be resolved. U.S. Fidelity and Guar. Co. v. Murphy Oil USA, Inc., 21 F.3d 259, 261 (8th Cir. 1994) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) and Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983)). The Colorado River and Moses H. Cone cases set forth six factors to be considered when a district court is called upon to decline it jurisdiction when a parallel state action is pending:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

U.S. Fidelity, 21 F.3d at 263 (citing Government Employees Ins. Co. v. Simon, 917 F.2d 1144, 1148 (8th Cir. 1990).

Having considered Defendants' Motion in light of the relevant factors, the Court finds no exceptional circumstances warranting abstention and/or dismissal. The instant action involves a single insurer, no overlapping coverage, no issues of personal jurisdiction, and no genuinely difficult question of state law or great public interest. See U.S. Fidelity, 21 F.3d at 263.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss [ECF No. 24] is **DENIED**.

_____
JOHN A ROSS
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of January, 2012