UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 4:11-CV-1236-JAR ) |
| FEARLESS FIGHTERS PAINT BALL GAMES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Fearless Fighters Paint Ball Games, LLC's Motion to Quash Subpoena Requested by Philadelphia Indemnity Insurance Company [ECF No. 44]. The Motion has been fully briefed. For the following reasons, the motion will be granted in part and denied in part.

Plaintiff Philadelphia Indemnity served a copy of a subpoena to produce documents to the custodian of Citizens Bank in New Haven, Missouri, on which a check written by Defendant Fearless Fighters to MIC Insurance Brokerage was drawn. The subpoena requested Citizens Bank provide two categories of documents to be produced on or before March 26, 2012:

> All documents reflecting payments from an account for Fearless Fighter Paint Ball Games from January 1, 2006 through April 30, 2006; and

> All copies of checks drawn on an account for Fearless Fighters Paint Ball Games, bearing check numbers 2440 through 2500.

Citizens Bank has already complied with the subpoena.[1]

---

[1] Plaintiff Philadelphia Indemnity has represented to the Court that the documents produced by Citizens Bank remain sequestered in the sealed envelope in which they were received, pending resolution of the parties' discovery dispute.

In support of its motion, Fearless Fighters argues the scope of the subpoena is over broad and seeks financial information relating to its business that has no relevance to the instant case. Philadelphia Indemnity responds that the requested documents are relevant because the dates and sequencing of the checks will confirm the date on which the check(s) payable to MIC Insurance Brokerage was drawn. Philadelphia Indemnity further responds that the requested documents are relevant to its allegations of misrepresentations on the application for insurance, and specifically whether Fearless Fighters wrote checks for operations, locations, businesses, services, or activities other than the paint ball games actually disclosed on its insurance application.

The Court finds it appropriate to restrict the scope of the discovery set forth in the subpoena to a period of sixty (60) days, from March 1, 2006 to April 30, 2006, subject to the terms of a protective order to be submitted to the Court for approval.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Fearless Fighters Paint Ball Games, LLC's Motion to Quash Subpoena Requested by Philadelphia Indemnity Insurance Company [ECF No. 44] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the parties shall submit a proposed joint protective order to the Court within ten (10) days of the date of this memorandum and order.

**IT IS FURTHER ORDERED** that Philadelphia Indemnity Insurance Company return to Citizens Bank all of the documents provided pursuant to the subpoena and reissue its subpoena in compliance with this Order.

_____
JOHN A ROSS
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2012